# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TONY EDWARD DIXON,

    Petitioner,

v.

WARDEN SUZANNE HASTINGS,

    Respondent.

CIVIL ACTION NO.: 2:14-cv-170

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tony Dixon ("Dixon"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as amended. (Docs. 1, 13.) Respondent filed a Response in Opposition, (doc. 8), and Dixon filed a Traverse. (Doc. 11.) Respondent filed a Surreply. (Doc. 17.) For the reasons which follow, it is my **RECOMMENDATION** that Dixon's Section 2241 Petition be **DISMISSED** and this case be **CLOSED**. It is also my **RECOMMENDATION** that Dixon be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

## BACKGROUND

Dixon was indicted in 2004 in the Middle District of Florida for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and for having three or more previous qualifying felonies, in violation of the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"). (Doc. 8-2, p. 2.) Dixon pleaded guilty on November 30, 2004, and the Middle District of Florida court sentenced him to 180 months' imprisonment in light of his ACCA enhancement. (Doc. 8-3.)

Dixon filed an appeal. His counsel moved to withdraw from his representation of Dixon by filing an Anders v. California, 386 U.S. 738 (1967), brief. (Doc. 8-4.) In his Anders brief, counsel asserted that the trial court did not err by including Dixon's Florida conviction for burglary of a dwelling in 1986 as a qualifying felony under the ACCA in light of Dixon's admission during sentencing that this conviction was for the burglary of a dwelling and should be considered a qualifying felony under the ACCA. (Id. at p. 21.) The Eleventh Circuit Court of Appeals stated an "independent examination of the entire record reveals no arguable issues of merit[ ]" and affirmed Dixon's conviction and sentence on November 30, 2005. (Doc. 8-5, p. 4.)

Dixon then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in July 2011 in the Middle District of Florida. (Doc. 8-6.) Dixon asserted he was entitled to the statute of limitations provision of Section 2255(f)(3)[1] because his claim—that his felony conviction under Florida law for aggravated battery was not a "violent felony" under the ACCA—was based on the then-recent United States Supreme Court decision, Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (Mar. 2, 2010). (Id. at pp. 14–17.) The district court informed Dixon that Johnson was not retroactively applicable to his collateral motion and dismissed his motion as untimely filed. (Doc. 8-7, pp. 6–7.) The Eleventh Circuit held on appeal that Dixon's aggravated battery conviction qualifies as a violent felony, even if he had timely filed his Section 2255 motion in the district court and if the 2010 Johnson decision applied retroactively. Dixon v. United States, 588 F. App'x 918, 923 (11th Cir. 2014).

---

[1] Section 2255(f) contains the statute of limitations period applicable to the filing of motions made pursuant to that Section. As relevant here, Section 2255(f)(3) provides that the applicable one-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

2

During the pendency of his appeal with the Eleventh Circuit, Dixon filed a Rule 60(b)(6)[2] motion in the Middle District of Florida to challenge his enhanced sentence under the ACCA. (Doc. 8-9.) Dixon maintained the district court improperly applied the "modified categorical approach" to classify his previous burglary conviction as a violent felony under the ACCA in light of Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013). (Doc. 8-9.) The district court denied Dixon's motion because he improperly used Rule 60(b) to attack his criminal conviction, his motion was an unauthorized second Section 2255 motion, and his appeal of the dismissal of his Section 2255 motion was still pending. (Doc. 8-10.)

## DISCUSSION

In his current Petition, which was filed on November 18, 2014 and amended on July 20, 2015, Dixon states his sentence exceeds the statutory maximum in light of the Descamps decision. (Doc. 1, p. 7.) Specifically, Dixon asserts his conviction under Florida law for burglary was for the burglary of a conveyance, not a dwelling, and, as a result, he does not have the requisite number of qualifying previous felonies to have received an enhanced sentence under the ACCA. (Id. at p. 10.)[3] In his Amended Petition, Dixon avers the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), materially alters aspects of his case because the residual clause of Section 924(e) "has been deemed vague" as a result of this decision. (Doc. 13, p. 2.) Dixon also asserts his claims were barred by Eleventh Circuit precedent on previous occasions. (Id. at pp. 3, 6.)

Respondent contends Dixon cannot satisfy his burden of establishing his entitlement to relief pursuant to Section 2255(e)'s savings clause, and his Petition should be dismissed as a

---

[2] Federal Rule of Civil Procedure 60(b)(6) allows relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

[3] It appears Dixon conflates his previous convictions under Florida law for burglary and aggravated battery. (See e.g., Doc. 1, pp. 12–13.)

3

result. Respondent specifically contends the restrictions against filing a second or successive Section 2255 motion do not render the remedy afforded by Section 2255 inadequate or ineffective to challenge the legality of his confinement. In addition, Respondent asserts Dixon was sentenced properly as an armed career criminal, even under the Descamps decision. (Doc. 8, pp. 6–7; Doc. 17, pp. 5–10.) Respondent notes the 2015 Johnson decision will not permit Dixon to proceed with his Section 2241 petition because his sentence was not enhanced by application of the residual clause under the ACCA. (Doc. 17, pp. 10–11.)

**I.  Whether Dixon can Proceed Pursuant to Section 2241**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and

4

the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit addressed whether the savings clause of Section 2255(e) permits a federal prisoner to bring a Section 2241 petition when he establishes his sentence exceeds the statutory maximum penalty. 738 F.3d at 1256. The Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

5

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under Bryant. Specifically, under Bryant, Dixon must establish that the rules announced in the cases upon which he relies, Descamps and Johnson, apply retroactively to cases on collateral review.

In determining whether a new rule announced by the United States Supreme Court is retroactively applicable for purposes of a first § 2255 motion or a subsequent § 2241 petition brought under § 2255(e), the Eleventh Circuit distinguishes substantive rules from procedural rules. New substantive rules "generally apply retroactively on collateral review." Bryant, 738 F.3d at 1277 (citing Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004)). New rules are substantive if they "narrow the scope of a criminal statute by interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id.

In contrast, procedural rules are only retroactive if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (also noting that this class of rules is "extremely narrow"). A new rule is procedural if it "regulates only the manner of determining the defendant's culpability," and such rules "do not

produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. (quotations omitted).

Dixon has unsuccessfully attacked his conviction and sentence under the ACCA in collateral proceedings. (Doc. 8-6, pp. 2, 14–17; Doc. 8-7; Doc. 8-8; Doc. 8-10; Doc. 8-11.) The Eleventh Circuit determined in Bryant that Begay had introduced a retroactively applicable substantive rule, because the Supreme Court had interpreted the term "violent felony" in such a way that narrowed the scope of its application in sentencing under the ACCA. Bryant, 738 F.3d at 1277. However, the rule in Descamps is procedural rather than substantive. The Supreme Court held in Descamps that, in determining whether a conviction under a state criminal statute could count as an ACCA predicate offense, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA. ___ U.S. at ___, 133 S. Ct. at 2283. This rule dictates the "manner of determining culpability" under the ACCA and does not "narrow the scope of a criminal statute by interpreting its terms." Bryant, 738 F.3d at 1277 (quoting Schriro, 542 U.S. at 351–52). As such, it is a procedural rule. The Supreme Court did not indicate that the new rule in Descamps was a "watershed rule for criminal procedure," and this Court has not found any other decisions concluding that it is.

Furthermore, Dixon (who bears the burden of establishing retroactivity) has not presented any cases finding the rule in Descamps to be retroactively applicable as a substantive rule or as a new "watershed" procedural rule. Thus, as the Eleventh Circuit and several other district courts have held, the rule announced in Descamps is not retroactively applicable to cases on collateral review. Abney v. Warden, No. 15-10088, 2015 WL 4546193, at *4 (11th Cir. July 29, 2015)

7

(noting the Descamps court "simply interpreted its 'prior decisions and the principles underlying them' to hold that 'sentencing courts may not apply the modified categorical approach when the crime [at issue] has a single, indivisible set of elements.'") (internal citation omitted)); King v. United States, 610 F. App'x 825, 828 (11th Cir. 2015) (finding that the Descamps decision "merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies.")[4]; United States v. Upshaw, Nos. 4:02-cr-3, 4:14-cv-278, 2014 WL 3385118, at *2 (N.D. Fla. July 9, 2014) (the Supreme Court has not declared Descamps to be retroactively applicable to cases on collateral review); Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W. Va. Jan. 17, 2014) (case law indicates that Descamps is not retroactively applicable to cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25) (N.D. Ohio) (Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.) (Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review and does not provide a basis for a movant to file a second or successive § 2255 motion); Newton v. Pearce, No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.) (Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL

---

[4] A petition for writ of certiorari has been docketed with the United States Supreme Court. No. 15-5973 (filed Sept. 9, 2015).

5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive Section 2255 motion). Having determined that Descamps is not retroactively applicable to cases on collateral review, and therefore, does not entitle Dixon to relief, the Court now addresses the Johnson decisions and its applicability to Dixon's Petition.[5]

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S. at ___, 135 S. Ct. 2551, 2563.[6] The Eleventh Circuit "agree[s] that Johnson announced a new substantive rule of constitutional law," but "reject[s] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review." In re Rivero, No. 15-13089-C, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (denying leave to file a second or successive motion to vacate, set aside, or correct sentence based on the Johnson decision and expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, No. 15-2427, 2015 WL 4621024 (7th Cir. Aug. 4, 2015), applying Johnson retroactively to cases on collateral review); see United States v. Braun, No. 13-15013, 2015 WL 5201729 (11th Cir.

---

[5] Because the Court finds Descamps is not retroactively applicable to cases on collateral review, it is unnecessary to determine whether Dixon's Florida conviction for burglary is a qualifying predicate offense under the ACCA in light of the Descamps decision. If the Court were to determine whether this conviction is a qualifying predicate offense, the Court would determine Dixon's burglary conviction is, in fact, a predicate felony for the reasons stated in the Respondent's pleadings. In addition, the Court would rely on its previous analyses in Crews v. United States, Civ. Action No. CV514-012, No. CR510-27, 2015 WL 892373, at *2–*7 (S.D. Ga. Mar. 2, 2015), and Kelly v. Hastings, Civ. Action No. CV214-005, 2014 WL 3973916, at *6–*8 (S.D. Ga. Aug. 14, 2014).

[6] The ACCA "defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.

9

Sept. 8, 2015) (applying Johnson in the context of a direct appeal); United States v. Hill, No. 14-12294, 2015 WL 5023791 (11th Cir. Aug. 26, 2015) (same); and Haugabrook v. United States, Civ. Case No. 815-cv-1756-T-24TBM, Cr. Case No. 8:08-cr-254-T-24TBM, 2015 WL 4605750 (M.D. Fla. July 30, 2015) (declining to extend Johnson to a Section 2255 motion).

Dixon previously brought a Section 2255 motion in his district of conviction. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Dixon is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Dixon relies upon Descamps and Johnson in his Section 2241 Petition, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill either condition to invoke the savings clause or to proceed under Section 2255(h).[7] Dixon does not satisfy the savings clause, and the Court need not address the relative merits of his

---

[7] The Court notes Respondent's assertion that the Johnson decision has substantive effect in the ACCA context and applies retroactively, yet Respondent acknowledges this decision has yet to be applied retroactively to second or successive Section 2255 motions in the Eleventh Circuit. (Doc. 17, p. 12 n.7.) The Court makes no comment on Dixon's potential for success in raising Johnson as a ground in an application with the Eleventh Circuit for authorization to file a second or successive Section 2555 motion in the district of his conviction. The Court's recommendation is only that this Petition should be dismissed because Dixon has failed to establish that he can proceed in this Court pursuant to Section 2255(e)'s savings clause via this Section 2241 Petition.

Section 2241 Petition. Because Dixon has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Based on these reasons, Dixon's Section 2241 Petition should be **DISMISSED**.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Dixon leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Dixon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Dixon's petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Dixon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, as amended, (docs. 1, 13), be **DISMISSED** and this case be **CLOSED**. I further **RECOMMEND** that Dixon be **DENIED** leave to proceed *in forma pauperis* on appeal and a Certificate of Appealability.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Dixon and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of September, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA