# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

TONY EDWARD DIXON,               *
                                 *
        Petitioner,              *        CIVIL ACTION NO.: 2:14-cv-170
                                 *
   v.                            *
                                 *
WARDEN SUZANNE HASTINGS,         *
                                 *
        Respondent.              *

## O R D E R

Presently before the Court are Petitioner Tony Dixon's ("Dixon") Objections to the Magistrate Judge's Report and Recommendation dated September 21, 2015. Dkt. No. 18. After an independent and *de novo* review of the entire record, the Court **OVERRULES** Dixon's Objections and **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Dixon's Section 2241 Petition is **DIMSISSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Additionally, the Court **DENIES** Dixon *in forma pauperis* status on appeal.[1]

---

[1] Because Dixon is challenging a federal sentence and has filed a Section 2241 Petition, no Certificate of Appealability ("COA") is

## I.  Discussion

In his Objections, Dixon concedes that the decision in Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), is not retroactively applicable to cases on collateral review such as his.  However, Dixon's Objections focus on his disagreement with the Magistrate Judge's application of the United States Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015).  Specifically, Dixon asserts that his petition is not a second or successive motion under 28 U.S.C. § 2255(h), but is a properly filed 28 U.S.C. § 2241 petition in which he alleges he was wrongfully sentenced in excess of the statutory maximum. Dkt. No. 19, p. 6.  Dixon also asserts that, if Johnson does not apply retroactively, he cannot obtain his requested relief pursuant to Section 2241.

The Court finds that the Magistrate Judge accurately set forth the law applicable to Dixon's Section 2241 Petition, and that law need not be recounted in depth here.  However, the Court makes a point of clarification.  Dixon filed this Petition pursuant to 28 U.S.C. § 2241, and, through his Petition, he is attacking the imposition of his sentence, not the execution thereof.  Thus, to proceed pursuant to Section 2241, Dixon must

---

required for purposes of an appeal.  28 U.S.C. § 2253(c); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

satisfy the savings clause of Section 2255, which is found in Section 2255(e). <u>Taylor v. Warden, FCI Marianna</u>, 557 F. App'x 911, 913 (11th Cir. 2014). As the Magistrate Judge concluded, Dixon fails to meet his burden.

In addition, to proceed under Section 2255, Dixon would have to seek permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 motion, as he has previously filed a Section 2255 motion. 28 U.S.C. § 2255(h); Dkt. No. 18, pp. 10-11 (discussing Section 2255(h) and Dixon's inability to meet its requirements). As the Magistrate Judge noted in the Report and Recommendation, this Court issues no opinion on the success of any such application to the Court of Appeals. Dkt. No. 18, pp. 10, n.7. However, at this time, Dixon has not received any such authorization from the Eleventh Circuit, and, therefore, he cannot attack his sentence via Section 2255 in this Court.

While it may be that the <u>Johnson</u> decision will allow for the filing of a second or successive Section 2255 motion pursuant to Section 2255(h)(2), Dixon is not permitted to proceed with his Section 2241 Petition to raise his <u>Johnson</u>-related arguments. <u>See</u> <u>Haygood v. Warden, Fed. Corr. Inst., Berlin, N.H.</u>, No. 15-CV-302-SM, 2015 WL 7099677, at *2 (D.N.H. Nov. 13, 2015) ("The savings clause is not available for any constitutional claims that fall within the scope of 28 U.S.C.

§ 2255(h), which allows prisoners to apply to federal appellate courts to obtain leave to file successive § 2255 motions that are based on new constitutional rulings where the Supreme Court has made the ruling retroactively applicable to cases on collateral review."); Bishop v. Cross, No. 15-cv-1119-DRH, 2015 WL 7008178, at *3 (S.D. Ill. Nov. 12, 2015) (recognizing the retroactive application of Johnson to Section 2255 motions in the Seventh Circuit but noting "Johnson does not open the door to relief under § 2241 at this time."); Brown v. Warden, No. 15-CV-88-HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) ("Since Johnson was rendered four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a Johnson claim.") (citing Ruiz v. Ebbert, No. 3:CV-151612, 2015 WL 5997105, at *2 (M.D. Pa. Oct. 14, 2015) (dismissing the § 2241 petition and advising the petitioner that he should seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition regarding his Johnson claim)); Bishop v. Cross, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of Johnson was not cognizable under § 2241, but must instead be brought by motion under § 2255)); Hollywood v. Rivera, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same)); Cockrell v. Krueger, No. 15-CV-1279,

2015 WL 4648029, at *2-3 (C.D. Ill. Aug. 5, 2015)); <u>Jennings v.</u>
<u>Lariva</u>, No. 2:14-CV-63-WTL-WGH, 2015 WL 5156047, at *2 (S.D.
Ind. Sept. 2, 2015) (collecting cases)); <u>Wood v. Maiorana</u>, No.
3:CV-15-1409, 2015 WL 4663267, at **2-6 (M.D. Pa. Aug. 6,
2015)); <u>see also</u> <u>Bishop v. Cross</u>, Civil No. 15-cv-854-DRH-CJP,
2015 WL 7451012, at *2 (S.D. Ill. Nov. 24, 2015) (<u>Johnson</u>
announces a new rule of constitutional law, and therefore,
cannot be the basis for a § 2241 petition). Accordingly,
Dixon's Section 2241 claims, grounded in <u>Johnson</u>, must be
**DISMISSED**.

## II. Conclusion

For the above stated reasons, Dixon's Objections are
**OVERRULED**. The Court **CONCURS** with and **ADOPTS** the Magistrate
Judge's Report and Recommendation as the opinion of the Court,
as supplemented herein. Dixon's Section 2241 Petition is
**DIMSISSED**. The Clerk of Court is **DIRECTED** to enter the
appropriate judgment of dismissal and to **CLOSE** this case.
Furthermore, the Court **DENIES** Dixon leave to proceed *in forma*
*pauperis* on appeal.

SO ORDERED, this _____ day of _____, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA